UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ENA GRAYES, *et al.*, | ) Case No. 1:22-cv-34 |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| | ) Jonathan D. Greenberg |
| PROSECUTOR FISHER, *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

*Pro se* plaintiff Ena Grayes filed this action on behalf of herself and her husband, Otto Grayes, against Defendants Prosecutor Fisher, the City of Cleveland Prosecutor's Office, Secretary Barbara, and "Doe." (ECF No. 1.) Plaintiffs allege that Defendants violated the following provisions of the Ohio Revised Code: Section 2921.32 (obstructing justice), Section 2917.21 (telecommunications harassment), and Section 3599.01 (bribery). On the civil cover sheet, which is not part of her pleading, Plaintiffs list 18 U.S.C. § 2255 as a cause of action for contributory negligence. They seek criminal prosecution of the defendants as well as unspecified monetary damages. Also, Plaintiffs filed an application to proceed *in forma pauperis*. (ECF No. 2.) The Court **GRANTS** that application.

As an initial matter, although the case caption lists Ena and Otto Grayes as plaintiffs, only Ena Grayes signed the complaint. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). An adult litigant

who wishes to proceed *pro se*, on one's own behalf, must personally sign the complaint. 28 U.S.C. § 1654; *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998). An adult litigant who is not a licensed attorney cannot bring claims on behalf of another person, even if that person is a spouse. "[I]n federal court a party can represent himself or be represented by an attorney, but [he] cannot be represented by a nonlawyer." *Gonzales*, 157 F.3d at 1021) (citations omitted); *see also Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear *pro se* on his own behalf, he has no authority to appear as an attorney for others than himself."); *Jackson v. Kment*, No. 13 CV 10819, 2016 U.S. Dist. LEXIS 33684, at * 20 (E.D.Mich. Mar. 16, 2016) (concluding that Plaintiff lacks standing to seek injunctive relief on behalf of "his friends and family members"). Ena Grayes does not appear to be an attorney. Proceeding *pro se*, she can only represent herself. Because only her signature appears on the pleading, the Court only considers claims that pertain to her.

## BACKGROUND

As best the Court can discern, Plaintiff and her husband reside in an apartment that is owned or managed by Vanguard. It appears that Plaintiff had a dispute with Vanguard, the landlord, concerning the actions of her landlord's maintenance worker. Plaintiff states that the maintenance worker entered her apartment to make repairs without providing 24-hour notice, "broke in with a key," stole her husband's medication, and repaired a crack in the bathroom that was not leaking. (*See* ECF No. 1-4, PageID # 5.) Further, Plaintiff appears to allege that she

had a dispute with Vanguard concerning the payment of an exterminator bill. Plaintiff filed a police report with the Cleveland Police Department.

Plaintiff alleges that the Cleveland Police Department assigned Prosecutor Fisher to her case, but Prosecutor Fisher "never contacted Plaintiff to make an appointment to meet" and ignored her phone calls and messages. She claims these actions constitute obstruction of justice. Also, Plaintiff alleges that an "unknown female lawyer/prosecutor" called Plaintiff and accused her of lying. Plaintiff claims this conduct constitutes telecommunications harassment. Finally, Plaintiff alleges that Defendants were paid to "block[]" her right to sue Vanguard. And she claims this action constituted bribery. (ECF No. 1, PageID #6–7.)

## GOVERNING LEGAL STANDARD

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim on which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324(1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim on which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564

3

(2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## ANALYSIS

Federal courts are courts of limited jurisdiction and, unlike State trial courts, do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

4

Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that she is a citizen of one State and all of the defendants are citizens of other. The citizenship of a natural person equates to her domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists Ohio addresses for herself and all of the Defendants. A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed. R. Civ. P. 8. In a diversity action, that means that the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 646 (6th Cir. 2003). As written, the complaint suggests that Plaintiff and Defendants are all citizens of Ohio. Therefore, federal subject matter jurisdiction cannot be based on diversity of citizenship.

5

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. But the causes of action listed in the complaint are all violations of State law. On that basis alone, federal jurisdiction cannot be premised on a pled violation of federal law. However, Plaintiff indicates on the civil cover sheet filed with her pleading that she is seeking relief under 18 U.S.C. § 2255. This statute, however, is not applicable to the facts of this case. Section 2255 provides a civil remedy for an individual, while a minor, who was a victim of various crimes involving sexual abuse and who suffers personal injury because of such violation. *See* 18 U.S.C. § 2255. This statute clearly does not apply to Plaintiff's dispute with her landlord or the prosecutor's office.

Therefore, Plaintiff has failed to establish federal jurisdiction over her claims.

## CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: April 25, 2022

                                                                 J. Philip Calabrese
                                                                 United States District Judge
                                                                 Northern District of Ohio